# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Brief June 5, 2002

## REIKO NOLEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**No. C94-230     Lee Moore, Judge**

---

**No. W2001-03003-CCA-R3-CD - Filed October 31, 2002**

---

The petitioner, Reiko Nolen, appeals as of right the Dyer County Circuit Court's denial of his petition for acquittal and removal of his guilty plea. He pled guilty to possession of over .5 grams of cocaine with intent to sell, a Class B felony, and was sentenced to six months in the county jail and eight years on probation. The petitioner contends that (1) the state breached the plea agreement by not allowing him to serve a subsequent twenty-year sentence before his probationary sentence in this case and (2) his sentence is illegal because the trial court lacked jurisdiction to sentence him to a term of probation to be followed by a term of incarceration. We hold that the petitioner's sentence is legal and that he has no basis for an appeal. Therefore, we are constrained to dismiss the appeal because of the lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Reiko Nolen, Clifton, Tennessee, Pro Se.

Michael E. Moore, Solicitor General; Christine M. Lapps, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case arises out of the petitioner's December 20, 1994 guilty plea to possession of over .5 grams of cocaine with intent to sell. The plea agreement form states that punishment was to be by judicial sentencing. On January 27, 1995, the trial court sentenced the petitioner as a Range I, standard offender to six months incarceration in the county jail to be followed by eight years of probation. No special conditions or concurrent or consecutive sentencing is noted on the judgment form. In July 1995, a Dyer County jury convicted the petitioner of especially aggravated robbery, a Class A felony. The trial court sentenced him as a Range I, standard offender to twenty years in the Department of Correction (DOC). The judgment form for this conviction reflects that the

twenty-year sentence is to be consecutive to "all prior sentences." This court affirmed the petitioner's conviction for especially aggravated robbery on direct appeal. State v. Reiko Nolen, No. 02C01-9601-CC-00008, Dyer County (Tenn. Crim. App. Aug. 2, 1996), app. denied (Tenn. Jan. 27, 1997). Also, we affirmed the denial of post-conviction relief relating to the especially aggravated robbery conviction. Reiko Nolen v. State, No. 02C01-9711-CC-00441, Dyer County (Tenn. Crim. App. Oct. 16, 1998), app. denied (Tenn. Mar. 8, 1999).

In his petition to the trial court and in his brief, the petitioner asserts he learned in a parole hearing that the DOC had been counting his time served toward his eight-year sentence for possession with intent to sell, instead of his twenty-year sentence for especially aggravated robbery. He contends that this contravenes his plea agreement because before he agreed to plead guilty in this case, he was advised by his attorney and the prosecutor that he would first serve any sentence that he might receive for pending charges before serving his probation in this case. He asserts that the trial court, the state, and defense counsel were aware of his more serious, pending charges at the time that the trial court accepted the guilty plea. Thus, he argues that the state has breached the plea agreement by not allowing him to serve his twenty-year sentence first and, thereby, forcing him to serve his eight-year probationary sentence in incarceration. He contends that he would never have pled guilty in this case if he had known that he would have to serve his sentences in the present order. Alternatively, he argues that the trial court lacked jurisdiction to sentence him to a probationary term to be followed by a term of imprisonment.

The state contends that the trial court correctly denied the petition concluding that it had no authority to alter the petitioner's sentence. It argues that the time for challenging the sentence following his guilty plea has long expired as has the one-year statute of limitations for post-conviction petitions. See Tenn. Code Ann. § 40-30-202(a); Tenn. R. Crim. P. 32(f) (permitting the withdrawal of a guilty plea to correct manifest injustice before the judgment becomes final). It also contends that the petition cannot be treated as a petition for writ of habeas corpus because it does not meet the statutory requirements, which must be strictly followed, and does not state cognizable grounds. See Tenn. Code Ann. § 29-21-107; Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993).

At the outset, we note that the petition essentially amounts to a motion to correct an illegal sentence. Rule 3(b), T.R.A.P., does not permit a direct appeal of a trial court's dismissal of a motion to correct an illegal sentence. Rule 3(b) contemplates an appeal from a judgment of conviction, from an order denying or revoking probation, or "from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." In this case, the trial court merely denied the petitioner relief, ruling that it was "without any authority or any basis, even if it had authority, to grant the petition."

In his petition, the petitioner claims to be filing pursuant to Tenn. Code Ann. § 40-35-203, which relates to the imposition of the sentence by the trial court. This statute does not provide the petitioner a means of challenging his sentence or a vehicle for appeal to this court. The petitioner also claims that he may properly challenge his sentence by a petition for post-conviction relief. As the state points out, the one-year statute of limitations for post-conviction petitions that began to run

on January 27, 1995, has long since expired. See Tenn. Code Ann. § 40-30-202(a). Citing to unpublished case law from this court, the petitioner argues that an attack on an illegal sentence through a post-conviction petition is not barred by the statute of limitations. See Kevin Lavell Abston v. State, No. 02C01-9807-CR-00212, Shelby County, slip op. at 3 (Tenn. Crim. App. Dec. 30, 1998) (holding that the post-conviction statute of limitations "does not bar the petitioner's claim that his sentences are illegal"); see also State v. Noah J. Love, No. E2000-0254-CCA-R3-CD, Hamilton County, slip op. at 3 (Tenn. Crim. App. May 16, 2001); James Gordon Coons, III, v. State, No. 01C01-9801-CR-00014, Davidson County, slip op. at 6 (Tenn. Crim. App. May 6, 1999). The appropriate procedure for challenging an illegal sentence is a petition for writ of habeas corpus. Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001); see also Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A petition for a writ of habeas corpus may be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The state argues that the petitioner did not comply with the strict requirements for filing a habeas corpus petition because he filed his petition in the convicting court and he failed to name the warden of the facility in which he is incarcerated as the opposing party in this case. Procedurally, the defendant seeking habeas corpus relief should apply to the court most convenient in distance unless a sufficient reason exists to apply elsewhere. Tenn. Code Ann. § 29-21-105. Tenn. Code Ann. § 29-21-107 provides in pertinent part that the "petition shall state: (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable." We agree that the petitioner has failed to file in the closest court or to name the warden in the petition. Despite these procedural errors, we note that the trial court has the duty to grant a writ of habeas corpus sua sponte when it "has evidence, from a judicial proceeding, that any person within the jurisdiction of such court or officer is illegally imprisoned or restrained of his liberty." Tenn. Code Ann. § 29-21-104; Cox, 53 S.W.3d at 292.

More importantly, though, the petitioner has failed to show that his sentence is illegal. A sentence is illegal if it "directly contravened a statute in existence at the time it was imposed." Taylor v. State, 995 S.W.2d 78, 85 (Tenn. 1999). In order for the habeas corpus petitioner to prevail, the illegality of the sentence must be apparent from "the face of the judgment or the record of the proceedings upon which the judgment is rendered." Stephenson, 28 S.W.3d at 911. In the present case, the petitioner's sentence is legal on its face. Furthermore, the trial court did not lack jurisdiction to impose a probationary term for the possession conviction and, subsequently, to impose a term of incarceration for the especially aggravated robbery conviction. See State v. Malone, 928 S.W.2d 41, 44 (Tenn. Crim. App. 1995). Finally, the defendant is not being illegally detained beyond the expiration of his sentence. His sentence for possession has not expired and neither has his aggregate sentence resulting from his consecutive, twenty-year term for his especially aggravated robbery conviction. Thus, the defendant is not entitled to release and any habeas corpus claim on that ground is not yet ripe. See Ussery v. Avery, 222 Tenn. 50, 55-56, 432 S.W.2d 656, 658 (1968); Cox, 53 S.W.2d at 294. Because the sentence is legal, his claim is not cognizable in habeas corpus, the post-conviction statute of limitations bars his claims, and we likewise decline to apply the very limited relief available through writ of certiorari. See Cox, 53 S.W.3d at 294 (holding that the writ

of certiorari, which is used to review a lower court "'exceeding its jurisdiction' or acting illegally, when 'there is no other plain, speedy or adequate remedy' . . . should rarely be granted to review motions that assert sentencing infirmities which do not rise to the level of illegality or voidness").

The petitioner's claim that he would not have pled guilty if he had known that the sentence for especially aggravated robbery would be served after the sentence for possession of cocaine for intent to resale relates to the voluntariness of his guilty plea. An involuntary guilty plea renders the judgment voidable not void. See Archer, 851 S.W.2d at 163-64. A post-conviction proceeding is the proper avenue for relief in such cases. Id. As already discussed, the petitioner's time for bringing a post-conviction petition has expired.

Finally, we note that "[w]hen a trial judge . . . orders an intervening sentence of incarceration to run consecutively to a suspended sentence, . . . the probationary term begins upon completion of the intervening custodial sentence and custodial sentence includes both confinement and parole." Malone, 928 S.W.2d at 44. The DOC may not alter the judgment of the trial court in any respect. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). As the defendant's twenty-year term of incarceration has not expired, any decision of the DOC that appears to contravene the trial court's judgment should have been challenged pursuant to the Administrative Procedures Act. See Tenn. Code Ann. § 4-5-101 et seq.

Based upon the foregoing, we dismiss the appeal.

_____
JOSEPH M. TIPTON, JUDGE

-4-